IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

OCT 3 1 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ERASMO REYES, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. V-03-128 |
| vs. | § § | JURY TRIAL DEMANDED |
| EZCORP, INC., | § § § | COLLECTIVE ACTION |
| Defendant. | § | PURSUANT TO 29 U.S.C. § 216(b) |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Erasmo Reyes, individually and on behalf of all others similarly situated, (hereinafter, "Plaintiff" or "Putative Class Members") brings this action against Defendant Ezcorp, Inc. ("Ezcorp"), and would show as follows:

### I.
#### OVERVIEW

1.  This is a collective action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.  The Putative Class Members are assistant store managers who were regularly required by Defendant to work in excess of 45-55 hours per week. The Putative Class Members were not paid overtime for all hours worked in excess of 40 hours a week in accordance with the FLSA.

3.  Defendant refused to pay the Putative Class Members overtime and violated the FLSA by improperly classifying Plaintiff and all those similarly situated as *exempt* assistant store managers, even though Plaintiff's primary duty consists of non-managerial activities. Specifically, Plaintiff only performed semi-managerial duties

approximately five to ten hours a week and spent the vast majority of the remaining work hours performing non-managerial activities such as operating the registers, processing form-oriented transactional paperwork, stocking and re-stocking merchandise, janitorial duties, answering the phone and assisting in other departments.

4. Furthermore, Plaintiff and all those similarly situated did not customarily and regularly exercise discretionary power, nor did Plaintiff and all those similarly situated possess the authority to hire or fire other employees. Finally, Plaintiff and all those similarly situated worked in relatively small retail establishments under the close supervision of a store and district or regional manager. Accordingly, Plaintiff and all those similarly situated did not regularly direct or manage the work of two or more employees.

5. Accordingly, Plaintiff Erasmo Reyes ("Reyes") brings this action on behalf of himself and all others similarly situated assistant store managers to recover unpaid overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
### PARTIES

6. Plaintiff Erasmo Reyes is an individual who resides in Victoria, Victoria County, Texas. Reyes was employed as an assistant store manager by Ezcorp and Ezpawn within the meaning of the FLSA during the relevant three-year period. Reyes was misclassified and did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. Reyes' consent to this action is attached hereto as Exhibit 1.

7.      The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as "all current and former Ezcorp, Inc. and Ezpawn assistant store managers located in the United States who were employed by Ezcorp, Inc. since October 30, 2000 as exempt employees and who were not paid overtime compensation for all hours worked in excess of 40 hours per week." (hereinafter, "Putative Class Members") The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Ezcorp, Inc., or its related and affiliated entities.

8.      Defendant Ezcorp, Inc. is a Delaware corporation with its headquarters in Austin, Texas. During the relevant time period Ezcorp acting through its affiliates and subsidiaries, created, ratified and implemented Defendant's unlawful payment scheme. Thus, Ezcorp has acted directly or indirectly as an employer with respect to the named Plaintiff and all those similarly situated within the meaning of the FLSA. Ezcorp can be served through its registered agent for service, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

### III.
### JURISDICTION

9.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331. Plaintiff's claims arise under §§ 7(a)(1), and 16(b) of the FLSA. 29 U.S.C. §§ 207(a)(1), and 216(b). Additionally, this Court has personal jurisdiction over Defendant, since Ezcorp employed Plaintiff and owns and operats retail establishments within the State of Texas.

## IV.
## VENUE

10.     Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(a) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## V.
## COVERAGE UNDER THE FLSA

11.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14.     At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.
## FACTS

### A. *Background Facts*

15.     Ezcorp is in the pawn and short-term loan business and owns and operates over 274 retail establishments throughout the United States. At all times relevant to this action, Plaintiff and all those similarly situated were employed by Ezcorp as *exempt* assistant store managers. Plaintiff and all those similarly situated received salaried compensation in the performance of their duties as assistant managers. The salary paid to Ezcorp assistant store managers exceeds $250.00 per week.

16.     Plaintiff and all those similarly situated did not regularly perform managerial functions, instead, Plaintiff and all those similarly situated spent the majority of their working hours performing non-managerial and non-exempt functions on behalf of Ezcorp. Moreover, Plaintiff and all those similarly situated were regularly required to work in excess of 45-55 hours a week and were not paid for their overtime.

17.     Accordingly, Plaintiff and all those similarly situated contend that Ezcorp owes its salaried assistant store managers overtime compensation under 29 U.S.C. §207(a)(1).

### B. *Misclassification Claims*

18.     Plaintiff and all those similarly situated contend that Ezcorp improperly classified assistant store managers as "executive employees" who are otherwise "exempt" from the overtime provisions of the FLSA. However, Ezcorp assistant store managers do not possess the authority or ability to carry out the performance of managerial functions and spend in excess of 85 to 90 percent of their time performing traditionally non-exempt duties. Specifically, Ezcorp assistant store managers do not have the power to hire, fire,

train, evaluate or determine pay rates for other employees. Nor do Ezcorp assistant store managers have the power to make suggestions or recommendations regarding the termination, promotion or compensation of their co-workers. Moreover, Ezcorp assistant store managers must follow tightly controlled strict guidelines, practices and procedures promulgated by Ezcorp, such that Ezcorp assistant store managers do not have the ability to exercise independent discretion or judgment, much less the ability to customarily and regularly direct the work of two or more other employees. These strict guidelines, practices and procedures required careful adherence and in many instances, required the supervision, ratification or approval of the applicable store, district or regional manager.

19. Plaintiff and all those similarly situated spent and spend their working hours performing non-managerial and non-exempt tasks including, but not limited to the following duties:

    a. Janitorial functions;

    b. Operating the register;

    c. Answering the store phone;

    d. Stocking and re-stocking store inventory;

    e. Punching a computer time clock and keeping track of all hours worked;

    f. Filling in for rank and file non-exempt employees in other departments or retail establishments;

    g. Processing form-oriented transactional paperwork;

    h. Timekeeping functions; and

        i.        Performing similar operational functions as those performed by non-exempt, hourly employees, such as opening and closing the retail establishment and operating the register.

20.        Plaintiff is aware of other current and former employees who are similarly situated in that they were misclassified as exempt Ezcorp assistant store managers and were not properly paid for the hours they worked in excess of 40 hours per week.

## VII.
## FLSA VIOLATIONS

21.        During the relevant period, Ezcorp has violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

22.        The position of Ezcorp assistant store manager and the work performed by Ezcorp assistant store managers, including the members of the putative class, was not executive or exempt in nature.

23.        Moreover, Ezcorp knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation. The decision by Ezcorp to not pay overtime compensation to Ezcorp assistant store managers was neither reasonable nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the

FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII.
### RELIEF SOUGHT

24. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

   d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the misclassification;

   e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FIBICH, HAMPTON,
LEEBRON & GARTH, L.L.P**

By: _____/s/_____
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
Five Houston Center
1401 McKinney, Suite 1800
Houston, Texas 77010
713-751-0025 (Telephone)
713-751-0030 (Facsimile)

ATTORNEY IN CHARGE FOR PLAINTIFF

OF COUNSEL:

Hartley Hampton
Fed. Id. 3122
State Bar No. 08874400
**FIBICH, HAMPTON, LEEBRON & GARTH, LLP**
1401 McKinney, Suite 1800
Houston, Texas 77010

- 9 -

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages. I have been given an opportunity to request and review a copy of the employment services agreement and agree to be bound by its terms.

FULL LEGAL NAME:

Erasmo T. Reyes, Jr

SOCIAL SECURITY NUMBER:

STREET ADDRESS:

510 Mallard

CITY/STATE/ZIP CODE:

Victoria, TX 77905

TELEPHONE NUMBER:

361-652-3602

SIGNATURE/DATE:

*[signature]* 10-17-03

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT TO:

Michael A. Josephson
FIBICH, HAMPTON, LEEBRON & GARTH, L.L.P.
1401 McKinney, Suite 1800
Houston, Texas 77010
1-888-751-7050
Counsel for Plaintiff



PLAINTIFF'S EXHIBIT 1