UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ERASMO REYES, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. V-03-128 |
| | § | |
| TEXAS EZPAWN, L.P., | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b) |
| Defendant. | § | |

**ORDER**

Pending before the Court is Defendant Texas EZPAWN, L.P.'s Motion to Dismiss Opt-In Plaintiffs Who Have Withdrawn Consents (Dkt. #160), Plaintiffs Motion Regarding the Consent Form of Juan Gonzalez (Dkt. #177), and Defendant's Motion to Dismiss Plaintiffs Whose Claims are Time-Barred under a Two-Year Statute of Limitations (Dkt. #178). A total of 82 Plaintiffs, current and former assistant store managers employed by the Defendant, opted into this lawsuit. Since then, seven notices of withdrawal have been filed with the Court. *See* Dkt. #s 130, 142, 147, 153, 170, 179 and 183. In its Memorandum & Opinion addressing Defendant's Motion for Summary Judgment, the Court determined that this case is governed by a two-year statute of limitations, which precluded the claims of Plaintiffs who were terminated or did not hold an assistant manager position prior to December 1, 2002. (Dkt. #176). Further, the Court sought additional evidence to support the claim of Plaintiff Juan Gonzalez that his opt-in form was postmarked by the opt-in deadline, June 15, 2005.

Federal Rule of Civil Procedure 41(a)(i) permits voluntary dismissal by the plaintiff only if a notice of dismissal is filed before the defendant answers or files a motion for summary judgment. By stipulation, the parties can also agree to dismiss the action. Fed. R. Civ. Pro. 41(a)(ii). Neither

of these situations are present here.  Contrary to Plaintiff's belief, simply withdrawing the consent forms of opt-in plaintiffs does not automatically dismiss their claims without an order of this Court. *See* Fed. R. Civ. Pro. 41(a)(2) ("Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court").

After reviewing the motions, responses, and legal authority, the Court is of the opinion that the following Plaintiffs should be dismissed with prejudice based on the applicable two-year statute of limitations:

Bryan Bartosovsky (demoted to Senior SLR 10/24/02)
Benjamin E. Bass Jr. (terminated 5/11/00)
Claudia Faye Bergeron (terminated 8/22/01)
Michelle Bolanos (terminated 9/05/02)
Mary Lois Boyd (terminated 10/08/01)
Delores Cherizola (terminated 1/18/01)
Daniel L. Escobedo (terminated 1/07/02)
Malcolm Golliday (terminated 1/22/01)
Brenda Gomez (terminated 8/13/01)
Rosanna M. Gomez (terminated 5/20/01)
Sindy E. Gomez (terminated 11/19/01)
LaTrisia Evette Guidry-James (terminated 2/03/02)
James Hanson (promoted to Store Manager 12/26/01)
Joshua Holt (demoted to Senior SLR 9/02/02)
Indalecio Maldonado (terminated 12/18/01)
Mercedes Gonzalez (terminated 8/24/01)
Anita Goodman (terminated 3/27/01)
John Lopez (terminated 12/31/00)
Kattie V. McIntosh (terminated 11/08/01)
Rudolfo Romo, Jr. (terminated 8/14/01)
Robert Samora Jr. (terminated 8/25/02)
Carl Seymore (terminated 5/11/01)
Sue Spann (terminated 8/02/02)
Melanie Jean Taylor-Fouche (terminated 9/19/02)
Kathy R. Teal (terminated 8/03/02)

Additionally, the following opt-in Plaintiffs that have withdrawn their consents should be dismissed without prejudice:

Lloyd Alexander, IV (Dkt. #153)
Verlin Belcher (Dkt. #183)
Cesar Cesares (Dkt. #183)
Orsby Crenshaw, Jr. (Dkt. #142)
Donald Dewall (Dkt. #183)
Tonya Harrell (Dkt. #153)
Jose Leal (Dkt. #130)
Guadalupe Luera (Dkt. #183)
Susanne McKenney (Dkt. #147)
Marc Moreno (#183)
Santiago Moody (Dkt. #153)
Karla Skinner (Dkt. #170)
Michelle Tovar (Dkt. #153)

Pursuant to Federal Rule of Civil Procedure 41(d), these Plaintiffs that have withdrawn their consents are dismissed without prejudice; however, should they decide to refile this action based upon the same claim against the same defendant, they will be required to pay the costs and fees expended on their claims in this action.

Finally, after considering the evidence presented by Juan Gonzalez ("Gonzalez") regarding whether his opt-in notice was timely filed, the Court is of the opinion that Gonzalez should remain a Plaintiff in this action.[1] Several facts weigh in favor of Gonzalez's continued presence in this case. First, he signed the opt-in form on June 14, 2005, and he swore, along with a co-worker whom he informed about his entrance into the lawsuit corroborating his statement, that he mailed the opt-in form that day. There is no direct evidence as to when the opt-in form was postmarked, but given the fact that his opt-in form arrived in Victoria, Texas from Dallas, Texas on June 17, 2005 indicates that his statements are credible. Finally, Gonzalez has been an active participant in this lawsuit. He

---

[1] As further support for allowing Gonzalez's claim to stand, *see* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition).

has given his deposition, responded to discovery, and assisted his attorney in the prosecution of this case. The Court finds the evidence presented by Gonzalez to be credible, and thus, concludes that Gonzalez should remain a Plaintiff in this case.

Accordingly, the Court GRANTS Defendant Texas EZPAWN, L.P.'s Motion to Dismiss Opt-In Plaintiffs Who Have Withdrawn Consents (Dkt. #160), GRANTS Plaintiffs' Motion Regarding the Consent Form of Juan Gonzalez (Dkt. # 177), and GRANTS Defendant's Motion to Dismiss Plaintiffs Whose Claims are Time-Barred under a Two Year Statute of Limitations (Dkt. #178).

It is so ORDERED.

Signed this 6th day of December, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE