UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ERASMO REYES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-03-128** |
| | § | |
| **TEXAS EZPAWN, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM & OPINION**

Pending before the court is Defendant's Emergency Motion to Dismiss (dkt. # 192). After considering the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

**Facts**

Defendant moves for dismissal of this action based on alleged misrepresentations made by Plaintiff about this lawsuit to the bankruptcy court. Specifically, Reyes filed this lawsuit on October 31, 2003 alleging Defendant misclassified him as an exempt employee in violation of the Fair Labor Standards Act ("FLSA"). Reyes filed for chapter 13 bankruptcy on April 2, 2004. Defendant argues that Reyes represented to the bankruptcy court that he did not have a pending lawsuit in his Statement of Financial Affairs. Reyes checked the "None" box in response to the statement: "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."[1] However, in Schedule B, filed contemporaneously with the Statement of Financial Affairs, Reyes listed "Reyes v. EZPawn (possible lawsuit, re labor dispute) (estimated value) $10,000" as a contingent and unliquidated

---

[1] D.'s Mot. to Dismiss (dkt. #192), Ex. 3, p. 28.

claim.[2]  Reyes filed these documents with the bankruptcy court on May 27, 2004, approximately seven months after initiating this suit.  The bankruptcy court confirmed Reyes' plan on August 3, 2004, although several modification hearings have been held and the case has not been finally dismissed.[3]  Further, on September 20, 2007, Reyes amended his Schedule B and Statement of Financial Affairs to correct any inaccuracies.  Reyes contends that he did not intentionally mislead the bankruptcy court.  He maintains that he did disclose this lawsuit in his bankruptcy filings in Schedule B and explains the "None" box was inadvertently checked in the section dealing with "Suits and Administrative Proceedings."

## Discussion

Defendant maintains this case should be dismissed because Reyes' misrepresentation to the bankruptcy court judicially estops him from taking an inconsistent position in this proceeding.  Defendant argues Reyes intentionally misrepresented the nature of this suit as "possible" because, at the time he made these filings, he clearly knew this lawsuit was pending.

Judicial estoppel is an equitable doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position thereafter.  *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).  The doctrine is generally applied where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice."  *Id.* at 206.  A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is clearly inconsistent with its prior legal position; (2) the

---

[2]  *Id.* at 4.

[3]  *See* September 2007 entries on docket sheet in *In re Erasmo Reyes and Patricia Reyes*, No. 04-60164, United States Bankruptcy Court, Southern District of Texas (Victoria).

party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005). To establish that the failure to disclose was inadvertent, a party may prove either that he did not know of the facts underlying the undisclosed claim or that he had no motive to conceal it from the court. *Coastal*, 179 F.3d at 212. A plaintiff must disclose all potential causes of action to the bankruptcy court and has a continuing obligation to amend his filings to reflect any pending or unliquidated claims. *Id.* at 208. It is left to the discretion of the court to invoke judicial estoppel in order to protect the integrity of the judicial system and prevent unfair manipulation of the court system by litigants. *Id.* at 205.

   The court does not find that judicial estoppel is warranted in this case because Reyes did not take a position clearly inconsistent with the position he took in the bankruptcy proceeding and his mistake in checking the "None" box on his Statement of Financial Affairs was inadvertent. Defendant cites several cases where the courts applied judicial estoppel to preclude a party from pursuing a cause of action that was not disclosed to the bankruptcy court. *See id.*; *Jethroe,* 412 F.3d 598; *Guerra v. Lehman Comm. Paper, Inc.*, 2007 WL 419517 (S.D. Tex. 2007). However, there is one glaring distinction between the present facts and the facts in these cases, that is Reyes disclosed this lawsuit in his schedule of assets. Unlike Reyes, these debtors knew of the cause of action and failed to disclose it in any of the schedules or statements submitted to the bankruptcy court despite many opportunities to do so. The fact that Reyes listed this lawsuit in Schedule B belies Defendant's argument that he is taking an inconsistent position or that he had a motive to conceal this lawsuit.

   Defendant contends that because Reyes used the language "possible lawsuit" the court can

3

infer that he was intentionally misrepresenting the status of this lawsuit. While Reyes may have underplayed the pending status of this lawsuit at that time, it was still in the very early stages. At the time Reyes filed his financial information with the bankruptcy court the parties were disputing the content of the notice that should be sent out to potential class members. Further, this action had not even reached the motion to dismiss or the motion for summary judgment stage, so it was not disingenuous for Reyes to list a "possible" lawsuit. Reyes sufficiently has demonstrated that he had no motive to conceal this proceeding from the bankruptcy court. Beyond the fact that he actually disclosed this litigation in his schedule of assets, which was provided to the bankruptcy court and his creditors, he and his bankruptcy attorney have attested in a sworn statement that checking the "None" box was a clerical mistake,[4] and have since amended the Statement of Financial Affairs and Schedule B to accurately reflect Reyes' position in this lawsuit. Therefore, the court does not find that Reyes is judicially estopped from pursuing this lawsuit.

In the alternative, Defendant seeks to limit Reyes' recovery to $10,000, the value of the "possible" lawsuit as reflected in Schedule B. Defendant has cited no authority for this position, and the court finding none does not believe that Reyes' recovery in this lawsuit should be capped at this amount. Reyes and his bankruptcy attorney explained that the $10,000 estimate was limited to the unpaid overtime and did not include potential liquidated damages or attorney's fees. Additionally,

---

[4] P.'s Resp. (dkt. #212), Ex. 1, Decl. of Erasmo Reyes ("Because of a mistake made by my lawyer, the "None" box concerning suits and other proceeding was checked. This was not an intentional omission and I was not acting in bad faith or in any way attempting to mislead the Bankruptcy Court."); *see also id.* Ex. 2, Decl. of Linda Hamm, Reyes' bankruptcy attorney ("In filing [the Statement of Financial Affairs], my office made a clerical mistake by checking the "None" box concerning suits and other proceedings. This was not an intentional omission and neither I nor the Reyes were acting in bad faith or in any way attempting to mislead the Bankruptcy court.").

4

Reyes has filed an amended Schedule B to fully set out the potential damages in this case: "[The $10,000 figure] does not include attorneys' fees or costs, and should Reyes prevail this amount would go to the plaintiff attorney, not the debtor.  Additionally, because the FLSA allows a plaintiff to recover liquidated damages, Reyes could be [ ] awarded an amount which is equal to his actual damages."[5] Finding this was an appropriate estimation of the lawsuit and in light of Reyes' amended Schedule B, the court will not cap Reyes' recovery to $10,000.

## Conclusion

For these reasons, the court will DENY Defendant's Motion to Dismiss (dkt. #192).

It is so ORDERED.

SIGNED this 26th day of September, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[5] *Id.* Ex. 3, p. 3.