UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **ERASMO REYES,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. V-03-128 |
| | § |
| **TEXAS EZPAWN, L.P.,** | § |
| | § |
| **Defendant.** | § |

## MEMORANDUM & OPINION

Pending before the Court is Defendant, Texas EzPawn, L.P.'s ("EzPawn"), Motion to Open and Close (Dkt. #215). After considering the motion, response and applicable law, the Court is of the opinion that the motion should be GRANTED.

### Discussion

Plaintiff, Erasmo Reyes ("Reyes") brought this action against EzPawn alleging that it violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") by failing to compensate him for overtime hours he worked. EzPawn maintains that at all relevant times Reyes was an exempt employee under the FLSA, 29 U.S.C. § 213(a), and therefore is not due any overtime compensation.

An employee alleging a violation of the overtime requirement bears the burden of proving the following prima facie case, by a preponderance of the evidence: (1) that there exists an employer-employee relationship; (2) that there was engagement in activities within the coverage of the FLSA; (3) that the employee worked over forty hours within a workweek without overtime compensation; and (4) a definite amount of compensation is due. *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 892 (E.D. Tex. 1997). In the Joint Pretrial Order (Dkt. #201) the parties have

stipulated to each element of Plaintiff's prima facie case.[1]  Once the prima facie case is met, the burden then shifts to the defendant to prove that the employee falls within an exemption to the overtime requirement.  *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001).  Exemptions from the FLSA are to be construed narrowly against the employer.  *Id.*  For this reason, the Defendant urges the Court to permit it to open and close arguments first and to initiate the presentation of evidence.

The decision to grant a defendant's request to open and close the case rests with the sound discretion of the trial court.  *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981) ("The matter of a court's allocation of the right to open and close . . . does not go to the merits of a controversy and has long not been the subject of writ of error, even when coupled with the denial of requested party realignment.").  Further, the Federal Rules of Evidence provide that "the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth." FED. R. EVID. 611.

Several courts have allowed defendants to open and close first under the circumstances presented in the present case.  For instance, the Seventh Circuit addressed the propriety of allowing a defendant to present closing arguments first and last in a FLSA overtime action.  *Moylan v. Meadow Club, Inc.*, 979 F.2d 1246 (7th Cir. 1992).  Like EzPawn, the defendant in *Moylan* claimed

---

[1] Specifically, the parties agree that: (1) Texas EZPawn, L.P. was Reyes' "employer" as defined by the FLSA; Reyes was Texas EZPawn, L.P.'s "employee" as defined by the FLSA. (2) Texas EZPawn, L.P. is an "enterprise engaged in commerce" as defined by the FLSA. (3) As Assistant Store Manager Reyes was not paid overtime for any hours he worked in excess of 40 hours per week during the pertinent time period, and (4) During the relevant time period–March 2002 to October 2003, Reyes worked 521.28 hours of overtime which he did not receive any overtime compensation. *See* Joint Pretrial Order (Dkt. #201) pp. 4–5.

that the plaintiff was not entitled to overtime compensation because he was an exempt employee. *Id.* at 1251. At trial, the district court reversed the order of summations. The Seventh Circuit upheld the court's ruling, finding it is customary for the party bearing the burden of proof to open and close the argument. *Id.* It acknowledged that the plaintiff is usually the party bearing the burden of proof, but in this case the only issue that remained at closing was the defendant's affirmative defense that plaintiff was exempt from overtime pay provisions of the FLSA. *Id.* Relying on the well established principle that the order of argument lies within the discretion of the court, the Seventh Circuit found no error in the district court's ruling allowing the defendant to present closing arguments first. *Id.*

Similarly, the Eastern District of Pennsylvania permitted a defendant to open and close first because it bore the burden of proving that its employee was exempt under the FLSA. *Goldman v. Radioshack Corp.*, 2005 WL 1155751, *2 (E.D. Pa. 2005). Plaintiff contended that it was still required to prove its prima facie case. The court, however, determined that that burden was not as significant as the burden on the employer to dispute liability and the employer offered to stipulate to the prima facie case. *Id.*

Citing *Moylan*, a Wisconsin district court also allowed the defendant to open and close first "because it [was] defendant rather than plaintiff that must prove facts to prevail, [so] it makes sense to allow defendant to open first and close last." *Latino Food Marketers, LLC v. Ole Mexican Food, Inc.*, 2004 WL 632872, *1 (W.D. Wis. 2004). Rejecting plaintiff's argument that the court should not realign the case because it was plaintiff's lawsuit, the court stated "the privilege of opening first and closing last is not given to plaintiffs simply because they are plaintiffs. Rather, fairness requires that the party with the burden of proof should have the first and last opportunity to persuade the jury of its position." *Id.*

Consistent with the opinions cited above, the Court finds that the predominant issue remaining is this case is the exempt status of Reyes. Because it is EzPawn's burden to prove that Reyes falls within this exemption, it is appropriate to allow EzPawn to open and close the case first and initiate the presentation of the evidence.

Plaintiff argues that it is still his burden to prove with definite and certain evidence that he performed work for which he was not properly compensated, citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). While this is a correct statement of the law, *Anderson* is inapplicable to this case. In *Anderson,* the United States Supreme Court addressed directly the issues of what activities are included within the statutory workweek (i.e what time comes within the purview of the overtime requirement) and what evidence an employee must introduce to establish the extent of his overtime work when his employer has kept inadequate records. 328 U.S. at 687-88. The Supreme Court's holding that it is plaintiff's burden to prove that he performed work for which he was not properly compensated was made in reference to the applicable standard of proof when an employer kept inadequate records. This standard set forth in *Anderson* is only part of plaintiff's prima facie case if there is a dispute as to the number of overtime hours claimed by an employee. The Court went on to state that when the employer is in possession of the pertinent employment records, "the employee may easily discharge his burden by securing the production of those records." *Id.* at 687. This is precisely the situation in this case. Plaintiff's burden in this regard is discharged because the records clearly show the number of overtime hours worked by Reyes and it is undisputed that he performed work for which he was not compensated. Thus, *Anderson* does not place on Plaintiff any burden that has not already been satisfied.

Reyes also asserts that despite the burden shifting to EzPawn to prove Reyes was an exempt

employee, the burden of persuasion always remains on him to demonstrate that he was misclassified as an exempt employee.  This argument is without merit and is contrary to the well established law that defendant bears the burden of proof to show an employee is exempt from overtime requirements.  Black's Law Dictionary defines "burden of proof" as a party's duty to prove a disputed assertion or charge, which includes both the burden of persuasion and the burden of production. BLACK'S LAW DICTIONARY (8th ed. 2004); *see also Clark v. J.M. Benson Co.*, 789 F.2d 282, 286 (4th Cir.1986) (finding that the defendant bears the full burden of persuasion for the facts requisite to an exemption).

  Plaintiff also asserts that because Plaintiff is the party that filed the lawsuit, the Plaintiff should remain the party that opens the case.  This same argument was rejected by the court in *Latino Food Marketers* discussed above.  The Court agrees with the reasoning of the *Latino Food Marketers* court and finds that solely because a party is plaintiff does not automatically entitle him to open and close the case.  Rather, fairness mandates that the party which bears the burden of proof on the central issue remaining in the case should be entitled to open and close first.  Here, that is EzPawn.

  Plaintiff also argues that the burden to prove the extent and amount of unpaid overtime continues to rest on Plaintiff.  However, the extent and amount of overtime is not the predominant issue in this case. If Defendant is able to carry its burden as to liability, the damages question will become moot.  Further, Defendant has stipulated to the number of overtime hours worked, relieving Plaintiff of a significant burden to prove the number of overtime hours worked.

## Conclusion

Therefore, under the present circumstances of this case, the Court will permit the Defendant to open and close first and initiate the presentation of evidence. Defendant's Motion to Open and Close (Dkt. #215) is GRANTED.

It is so ORDERED.

SIGNED this 24th day of October, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE