UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ERASMO REYES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-03-128 |
| | § | |
| **TEXAS EZPAWN, L.P.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is the Bill of Costs filed by Defendant, Texas Ezpawn, L.P. ("Ezpawn"). (Dkt. #246)  Plaintiff timely filed objections. The Court will award certain costs incurred in this litigation to Ezpawn as described below.

Plaintiff, Erasmo Reyes, sued EzPawn for unpaid overtime wages under the Fair Labor Standards Act.  This lawsuit was originally filed as a collective action and notice was sent to all potential class members. Around 80 Plaintiffs opted-in to the lawsuit, which was conditionally certified at the notice stage.  However, on January 8, 2007, the Court decertified the class, leaving Plaintiff to pursue his individual claim.  On November 7, 2007, the case was called for trial.  After hearing the evidence and arguments, the jury returned a verdict in favor of EzPawn on November 9, 2007.  Final judgment was entered on November 16, 2007.  On November 30, 2007, EzPawn filed its bill of costs seeking $29,053.05.

"Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d); *accord Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198, 205 n.5 (5th Cir. 1995). Taxation of costs under Rule 54(d) is a matter within the court's discretion, although this discretion is limited by the express provisions of

28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987). "The court may decline to award certain costs, but may not tax expenses that are not listed in § 1920." *Id.* at 441-42. Under 28 U.S.C. § 1920, a court may tax the following as "costs": (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of stenographic transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts. 28 U.S.C. § 1920.

If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). As the prevailing party, the defendant enjoys a strong presumption that it will be awarded costs. *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 539 (5th Cir. 1990). Although "[i]tems proposed by the winning part[y] as costs should always be given careful scrutiny." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (citation omitted).

EzPawn seeks $21,729.87 for court reporter fees related to deposition transcripts, $924.66 for witness fees,[1] $6,274.22 for copying costs, and $124.30 for other miscellaneous costs, including binding and document retrieval. Plaintiff objects to a large portion of the costs incurred prior to

---

[1] This total is based on 28 U.S.C. § 1821.

decertification arguing that those costs should not be taxed against Reyes individually because the opt-in Plaintiffs were dismissed without prejudice and some have lawsuits still pending against Ezpawn; thus, Ezpawn is not the prevailing party as to those Plaintiffs. While this may be true, the Court must view this case as a whole to determine who is the prevailing party. *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 131 (5th Cir. 1983). Based on such a view, Ezpawn successfully decertified the class and was clearly the prevailing party at trial. While Ezpawn seeks substantial costs for defending itself in this litigation, the costs incurred were reasonable and necessary given the collective action nature of the lawsuit. The law dictates that the prevailing party shall recover its costs. The costs incurred in the litigation occurred as a result of Ezpawn being required to defend against a collective action, and that was the risk Plaintiff assumed when he filed the lawsuit as such. Under the circumstances of this case, the Court finds that awarding costs necessarily incurred throughout this lawsuit to Ezpawn is appropriate.[2]

Plainitiff also argues that Ezpawn should not be awarded costs because two courts have rejected EzPawn's efforts to seek costs related to this overtime claim. The bankruptcy judge presiding over Reyes' bankruptcy action denied without prejudice EzPawn's motion to file a late proof of claim arguing that it would be entitled to a claim to collect costs should it prevail in this litigation. However, it appears that the bankruptcy court denied the motion to the late-filed proof of claim because it was unnecessary for the bankruptcy court to grant the motion, as neither Reyes

---

[2] Plaintiff also contends the Court should divide the costs incurred among all the opt-in Plaintiffs that were dismissed. However, it is not clear that these opt-in Plaintiffs were ever advised or notified that they could potentially be liable for a portion of the costs, and the Court finds it would be inequitable to charge dismissed Plaintiffs with these costs. Further, the Plaintiff concedes that this Court has no jurisdiction to tax costs against individuals that were dismissed over a year ago. *See* P.'s Reply, Dkt. #251, p. 3.

nor the trustee had objected to the claim.[3] That ruling has no bearing on this Court's ability to tax costs. Likewise, Judge Kent's previous ruling in *Faison v. Texas ExPawn* that EzPawn was to bear its own costs when he dismissed the action of certain of this lawsuit's former opt-in Plaintiffs for improper joinder is irrelevant to the costs associated with this case. *Faison v. Texas EzPawn, L.P.*, 2007 WL 1428639 (S.D. Tex. 2007). The costs ruling in that case related only to the costs associated with that lawsuit and did not effect any cost ruling in this case.

The Court will, however, sustain Plaintiff's objection to Ezpawn's photocopying costs. To award the cost of copies, the court must make a factual finding that the copies were necessarily obtained for use in the case and not primarily for the convenience of the parties. *Eastman Kodak*, 713 F.2d at 133. Ezpawn provided several printouts with the case name, a description of "duplication," the number of pages at a rate of 10 cents, and total cost. The description of "duplication" provides no information for the Court to identify the documents to determine if the copying costs were necessary to this litigation or merely for the convenience of counsel. Conclusory assertions by counsel that all the copying costs were necessary, without more, are insufficient to establish that these expenses are properly recoverable. *See Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 484 (5th Cir. 2002) (finding no abuse of discretion in awarding copying costs when the defendant provided "detailed documentation and made the requisite declaration under penalty of perjury"). EzPawn has not satisfied its burden of demonstrating that all of the copying

---

[3] *See In Re: Erasmo Reyes, Jr. and Patricia Reyes*, Cause No. V-04-6014, United States Bankruptcy Court for the Southern District of Texas, Dkt. # 98 ("The motion to allow a late-filed proof of claim is denied without prejudice. *See* the analysis in *In re Miranda*, 269 B.R. 737 (Bankr. S.D. Tex. 2001). The Court simply does not have authority to give the relief requested."). "The claim is 'allowed' by § 502 of the Bankruptcy Code unless a party in interest objects." *In re Miranda*, 269 B.R. at 741.

costs were "necessarily obtained for use" in this litigation. *Fogleman*, 920 F.2d at 286 ("Reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates the necessity.").

Plaintiff does not object to the witness fees incurred by Claudia Smith in the amount of $354.98.[4] Plaintiff does object to the attendance fees of Felipe Moreno because he only testified on November 8, 2007, yet Ezpawn is seeking costs for three days of trial attendance.[5] Plaintiff also objects to the $80 attendance fee for two days incurred by Bryan Plavidal because he only testified one day. The Court will overrule Plaintiff's objections. A prevailing party may recover witness fees not only for the days on which the witness testified, but also for days spent attending the trial beforehand. *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1552–53 (5th Cir. 1984). Fees for these preliminary days, however, are limited to days that witnesses spend holding themselves available to testify. *Id.* Plavidal and Moreno were designated as witnesses, and Ezpawn presented evidence first in the case, so it was necessary in a three day trial to have its witnesses available to testify. *See United Teachers Assoc. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005) (rejecting plaintiff's argument that prevailing party should not be taxed witness fees because witness did not testify and was present as corporate representative). The Court finds that the witnesses were in necessary attendance at trial for days claimed, and therefore, are entitled to the attendance fees.

Plaintiff objects to the $810 for copies of videotaped depositions. The Fifth Circuit has held

---

[4] P.'s Obj., Dkt. #248, p. 7.

[5] Plaintiff does not object to his travel costs or one $40 attendance fee, but objects to three day attendance costs. *Id.*

that videotaped depositions are not taxable as costs under § 1920(2). *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). Thus, the Court will exclude these costs.

Finally, Plaintiff objects to the following miscellaneous costs: (1) $110.43 fee for retrieval of Leon Avinger's prior employment records (former opt-in Plaintiff with case pending in Western District); and (2) $14 vendor fee for binding. Plaintiff maintains EzPawn has not shown the basis of these fees and if it was reasonably necessary to the litigation. The Court will exclude these costs as well. The prior employment records of one of the approximately 80 opt-in Plaintiffs were not necessary to this case concerning the assistant manager's job duties at Ezpawn and whether they were entitled to overtime. Further, § 1920 does not authorize costs for binding.

For these reasons, the Court will award $20,919.67 in court reporter fees for deposition costs and $924.66 for witness fees, totaling $21,844.33.

## Conclusion

Accordingly, it is ORDERED that Defendant, Texas EzPawn, L.P. shall recover from Plaintiff, Erasmo Reyes $21,844.33 for the costs incurred in litigating this dispute.

SIGNED this 19th day of December, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE